IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

PAMELA K. OCHALA,

          Plaintiff,

v.                              CIVIL ACTION NO. 3:08-1027

DYNCORP INTERNATIONAL LLC and
DYNCORP INTERNATIONAL FZ-LLC,

          Defendants.

**ORDER**

Pending before this Court are the Defendant's Third Motion to Dismiss or in the Alternative Compel Payment of Fees and Award Additional Attorney Fees (Doc. 44) and Dynacorp International, LLC's Motion to Dismiss Defendant Dynacorp International, FZ-LLC (Doc. 42).

<u>Motion to Dismiss or Alternatively Award Additional Fees</u>

While the Court acknowledges that Plaintiff has been less than diligent in complying with requested discovery, Plaintiff has already been sanctioned through the award of attorneys fees. The Court understands that all discovery requests have now been fulfilled and applicable attorney fees paid. Defendant's Third Motion to Dismiss or in the Alternative Compel Payment of Fees and Award Additional Attorney Fees (Doc. 44) is **DENIED**.

Motion to Dismiss for Lack of Service

Typically if service upon a defendant is not effectuated within 120 days after the complaint is filed the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). This 120 day time limit, however, does not apply to service in a foreign country. *Id.* Even so, the amount of time for service on a foreign corporation is not unlimited. *Nylok Corp. v. Fastener World Inc.* 396 F.3d 805 (7th Cir. 2005). If a plaintiff makes no attempt to serve a foreign defendant the trial court should dismiss that defendant regardless of the exception to the 120 day time limit in Fed. R. Civ. P. 4(m). *See USHA (India), Ltd v. Honeywell Intern., Inc.* 421 F.3d 219 (2d Cir. 2005). Here, plaintiff represents that he has unsuccessfully attempted to effectuate service on Defendant Dynacorp International, FZ-LLC. She has not, however, described in any way the nature of the attempted service or the reasons why it has not been effectuated. Plaintiff, therefore, is **ORDERED** to describe with particularity (and provide documentary proof, if possible) how she attempted to provide service to Defendant Dynacorp International, FZ-LLC, and how that attempt accorded with the provisions of Fed. R. Civ. P. 4(f).[1] Such a description shall be submitted to the Court no later than **10 calendar days** from the date of this Order.

---

[1] Plaintiff argues that Dynacorp International, LLC and Dynacorp International, FZ-LLC are related entities and as such both had notice of this lawsuit. Plaintiff, however, has not presented any legal authority explaining why service on Dynacorp International, LLC should substitute for service upon Dynacorp International, FZ-LLC. If Plaintiff wishes this Court to consider service on Dynacorp International, LLC sufficient as to both Defendants, she should explain in her memorandum the legal framework granting the Court such authority.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

      ENTER:   October 29, 2009

      _____
      ROBERT C. CHAMBERS
      UNITED STATES DISTRICT JUDGE